[Cite as *State v. Jenkins*, 2013-Ohio-2575.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                          :

     Plaintiff-Appellee                            :          C.A. CASE NO.    2012 CA 21

v.                                                    :          T.C. NO.    10CR194/10CR416

MYCHAEL J. JENKINS                                    :       (Criminal appeal from
                                          Common Pleas Court)

     Defendant-Appellant                           :

                                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    21st    day of     June    , 2013.

. . . . . . . . . .

ROBERT E. LONG III, Atty. Reg. No. 0066796, Assistant Prosecuting Attorney, 201 West Main Street, Safety Bldg., Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

MYCHAEL J. JENKINS, #645-528, Pickaway Correctional Institute, P. O. Box 209, Orient, Ohio 43146
        Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Mychael J. Jenkins appeals, pro se, from a decision of

the Miami County Court of Common Pleas, Criminal Division, which overruled his motion

to reduce or modify his prison sentence. Jenkins filed his motion on February 13, 2012. The trial court issued its decision overruling Jenkins' motion on September 18, 2012. Jenkins filed a timely notice of appeal with this Court on October 4, 2012.

{¶ 2} On December 27, 2010, Jenkins plead no contest to two counts of trafficking in drugs in Case No. 10-CR-194, and two counts of trafficking in drugs in Case No. 10-CR-416, all felonies of the fourth degree. As part of his negotiated plea, Jenkins agreed to serve two twelve-month consecutive prison terms in Case No. 10-CR-194, and two twelve-month consecutive prison terms in Case No. 10-CR-416. The sentences in both cases were ordered to be served consecutively for an aggregate sentence of four years in prison. Jenkins did not appeal his conviction and/or sentence.

{¶ 3} Approximately two years later on January 9, 2012, Jenkins filed a pro se motion to modify his sentence with the trial court. The trial court overruled Jenkins' motion on January 30, 2012. Jenkins did not file an appeal of the trial court's denial of his motion to modify his sentence.

{¶ 4} On February 13, 2012, Jenkins filed a second pro se motion to reduce or modify his sentence which the trial court subsequently overruled on September 18, 2012.

{¶ 5} It is from this judgment that Jenkins now appeals.

{¶ 6} Because they are interrelated, Jenkins' assignments of error will be discussed together as follows:

{¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUISITE FINDINGS ON THE RECORD AND THE RECORD DID NOT SUPPORT THE

IMPOSITION OF CONSECUTIVE SENTENCES."

{¶ 8} "THE TRIAL COURT ERRED BY NOT GRANTING THE APPELLANT'S MOTION TO REDUCE SENTENCE, VACATE SENTENCE AND/OR TO FIND THAT CRIMINAL RULE 11 AND R.C. 2929.11, ET SEQ., AND FINDING THAT THEY ARE UNCONSTITUTIONAL AS APPLIED TO THE APPELLANT MYCHAEL JENKINS WHEN THE UTILIZATION OF CRIMINAL RULE 11 AND R.C. 2929.11, ET. SEQ., ARE APPLIED IN A GENDER AND RACIALLY DISCRIMINATORY MANNER."

{¶ 9} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FAILING TO ADVISE HIM OF THE NATURE OF THE CHARGES AGAINST HIM AND BY OMITTING INFORMATION ABOUT THE MAXIMUM PENALTY INVOLVED, CONCLUDING THAT THE TRIAL COURT HAD NOT SUBSTANTIALLY COMPLIED WITH RULE 11(C)(2) BECAUSE IT FAILED TO INFORM APPELLANT IN ORAL DIALOGUE OF THE MAXIMUM PENALTIES, ESPECIALLY SINCE THE WRITTEN PLEA FORM CONTAINED INCORRECT INFORMATION."

{¶ 10} Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). The res judicata bar applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 11} In the instant appeal, if any prejudicial errors did take place when Jenkins was sentenced in the underlying case, he could have challenged the propriety of the imposed prison term in a direct appeal from the conviction and subsequent sentencing. As previously mentioned, Jenkins did not file a direct appeal of his original conviction and sentence in December of 2010. Accordingly, we find that res judicata precludes Jenkins from challenging his conviction and sentence in a post-conviction motion to reduce or modify his sentence filed approximately two years after he was convicted because he failed to file a direct appeal of the trial court's final judgment entry issued on December 27, 2010.

{¶ 12} All of Jenkins' assignments of error are overruled.

{¶ 13} All of Jenkins' assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and DONOFRIO, J., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Robert E. Long III
Mychael J. Jenkins
Hon. Robert J. Lindeman